UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
DAVID LAITINEN,

                         Plaintiff,         **REPORT AND**
                                          **RECOMMENDATION**
    - v -

                                                      CV-09-4902 (CBA)(VVP)

THE UNITED STATES OF AMERICA,

                         Defendant.
---------------------------------------------------------x
POHORELSKY, Magistrate Judge:

        For the reasons below, I recommend that this action be dismissed with prejudice.

        The plaintiff David Laitinen brought this action against the government pursuant to the Federal Tort Claims Act alleging that he failed to receive appropriate medical care at a community health center operated by the Department of Health & Human Services. At the completion of factual discovery, the plaintiff's counsel sought leave to withdraw, citing a lack of cooperation from his client.[1] I entered a scheduling order setting a hearing on the motion to withdraw, and directing that the plaintiff appear in person at the hearing. In upper-case, boldface type, the scheduling order warned the plaintiff that a failure to appear at the hearing would serve as grounds for dismissal of the case for failure to prosecute. The scheduling order further directed the plaintiff's counsel to serve a copy of the order on the plaintiff, and counsel thereafter filed a certificate of service in the record attesting that service was made.

        The plaintiff did not appear at the hearing, and did not otherwise submit any opposition to the motion to withdraw. Accordingly, as the plaintiff's counsel had provided

---

[1]The movant's affidavit was redacted in part to protect confidential matter, and provided further details about the lack of cooperation and the apparent reasons for the plaintiff's conduct. The unredacted version was submitted to me *ex parte* and will be filed in the record under seal such that it will be available to the court, but not to counsel for the government.

good cause for seeking leave to withdraw, the motion was granted.  In order to afford the plaintiff an additional opportunity to proceed with the case, I scheduled another hearing by order to show cause requiring the plaintiff to appear in court on February 24, 2011 at 10:00 a.m.  The order to show cause again stated in upper-case, boldface type that if the plaintiff failed to appear his case would be dismissed.  Again, as directed, outgoing counsel served a copies of the order to show cause at two addresses given to him by the plaintiff and filed a certificate of service in the record.

The plaintiff did not appear as ordered on February 24 and has not otherwise communicated with the court or counsel for the government in any manner.  The plaintiff's repeated failure to appear in response to court orders provides a sound basis for concluding that he has abandoned his claims and that the action should be dismissed.  *See Shannon v. General Elec. Co.*, 186 F.3d 186, 193-94 (2d Cir. 1999) (citing factors to be considered in weighing dismissal for failure to prosecute).

At the hearing on February 24, 2011, counsel for the government requested that the dismissal be with prejudice.  There is a sound basis for granting that request.  Factual discovery had been completed when the motion to withdraw was made.  According to counsel for the government, the deposition testimony of the principal witness identified by the plaintiff, who was supposed to testify on the plaintiff's behalf, directly conflicted with the plaintiff's own testimony, and corroborated the testimony of the government's witness and the government's records in all material respects.  The redacted portions of the affidavit submitted by the plaintiff's counsel on the motion to withdraw confirms that view of the

deposition testimony obtained in discovery.  Moreover, at the hearing on the motion to withdraw, the plaintiff's counsel advised the court that in view of the testimony and records obtained in discovery he did not expect to be able to find an expert who could testify that the community health center had failed to provide the plaintiff with appropriate medical care.

Given the above record, the extent of the proceedings in this case, and the factual record that has been developed, to permit the plaintiff to reassert his claims and require the government to defend against them in another action would be unjust.  Accordingly, I recommend that this action be dismissed with prejudice.  *See Link v. Wabash R. Co.*, 370 U.S. 626, 629-30 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.").

\*         \*         \*         \*         \*         \*

Any objections to the Report and Recommendation above must be filed with the Clerk of the Court within 14 days of receipt of this report.  Failure to file objections within the specified time waives the right to appeal any judgment or order entered by the District Court in reliance on this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see, e.g., Thomas v. Arn*, 474 U.S. 140, 155, 106 S.Ct. 466, 474, 88 L.Ed.2d 435 (1985); *Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2nd Cir. 2002); *Frank v. Johnson*, 968

F.2d 298 (2d Cir.), *cert. denied*, 113 S. Ct. 825 (1992); *Small v. Secretary of Health and Human Serv.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam).

Respectfully recommended,

*Viktor V. Pohorelsky*

VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated:    Brooklyn, New York
            February 25, 2011